UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BASSETT,<br>          Plaintiff,<br><br>          vs.<br><br>MONTGOMERY KONE, INC.,<br>          Defendant. | CIVIL ACTION NO.  04-CV-11648 (GAO) |

---

**ANSWER OF DEFENDANT, KONE INC. (IMPROPERLY NAMED AS
MONTGOMERY KONE, INC.) TO PLAINTIFF'S COMPLAINT
WITH AFFIRMATIVE DEFENSES**

---

Defendant KONE Inc. (improperly named as Montgomery Kone, Inc.) (hereinafter

referred to as "KONE") responds to the averments contained in the complaint as follows:

1.      KONE is without sufficient information or knowledge to form a belief as to the

truth of the averments contained in this paragraph of the complaint and, therefore, they are

denied.

2.      Denied.  Answering further, KONE states that it is incorporated in the State of

Delaware and has its principal place of business in Moline, Illinois.

3-5.      KONE is without sufficient information or knowledge to form a belief as to the

truth of the averments contained in these paragraphs of the complaint and, therefore, they are

denied.

6.      The averments in this paragraph constitute legal conclusions to which no response is required.  To the extent the averments in this paragraph make factual allegations, they are denied.

7.      The averments in this paragraph constitute legal conclusions to which no response is required.  To the extent the averments in this paragraph make factual allegations, they are denied.

8.      The averments in this paragraph constitute legal conclusions to which no response is required.  To the extent the averments in this paragraph make factual allegations, they are denied.

9.      The averments in this paragraph constitute legal conclusions to which no response is required.  To the extent the averments in this paragraph make factual allegations, they are denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's claims for damages are barred by or must be reduced in proportion to his negligence, pursuant to G.L. c. 231, § 85.

3.      Plaintiff's claims may be barred by the applicable statute of limitations.

4.      KONE owed no duty to plaintiff as alleged in the complaint.

5.      KONE breached no duty it may have owed to plaintiff as alleged in the complaint.

6.      No acts or omissions by KONE caused, or were a substantial factor in causing, any injuries, damages and/or losses alleged by plaintiff, the existence of which is denied.

7.      Plaintiff suffered no compensable injuries, damages or losses.

8.      Plaintiff's claims are barred or otherwise limited by the doctrines of waiver, unclean hands and estoppel.

9.      Plaintiff's claims resulted from superceding and intervening circumstances and/or events over which KONE had no authority or control.

10.     If this matter involves a product for which KONE is responsible, said allegation being denied, any failure of the subject product or any of its component parts, the existence of which is denied, was the result of the acts, omissions, abuse, neglect, modification, or alteration of the product by persons or entities over whom KONE exercised no authority or control.

11.     If this matter involves a product for which KONE is responsible, said allegation being denied, any failure of the subject product or any of its component parts, the existence of which is denied, was the result of conditions and/or circumstances over which KONE had no authority or control.

12.     Plaintiff's claims are barred or otherwise limited because KONE was not given proper notice of an alleged defect and/or dangerous condition, the existence of which is denied.

13.     If this matter involves a product for which KONE is responsible, said allegation being denied, such product was not defective when it left KONE's custody and control.

14.     If this matter involves a product for which KONE is responsible, said allegation being denied, such product was substantially modified, altered or misused after it left KONE's custody and control.

15      If this matter involves a product for which KONE is responsible said allegation being denied, the product, at the time it left KONE's control, contained every element necessary to make it safe for its intended use.

16    If this matter involves a product for which KONE is responsible, said allegation being denied, the product was manufactured and designed in a non-defective manner and was accompanied by proper warnings and instructions concerning its use.

17    No defective condition, the existence of which is denied, was the legal cause of harm, nor was it a substantial factor, in bringing any harm alleged by plaintiff.

18    If the matter involves a product for which KONE is responsible, said allegation being denied, the product in no way malfunctioned as alleged.

**WHEREFORE**, KONE requests that this Court dismiss plaintiff's complaint with prejudice, and enter judgment in its favor with costs of suit, attorneys' fees and such other relief as this Court deems appropriate.

KONE Inc.

By its Attorneys,

/s/ Bruce S. Barnett
Bruce S. Barnett (BBO# 647666)
PIPER RUDNICK LLP
One International Place,
21st Floor
Boston, MA 02110
617-406-6000

Dated: July 28, 2004