UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BASSETT,<br><br>    Plaintiff,<br><br>    v.<br><br>MONTGOMERY KONE, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 04-CV-11648 GAO |

**DEFENDANT KONE INC.'S MOTION FOR LEAVE TO SERVE AND FILE A THIRD-PARTY COMPLAINT AGAINST METROPOLITAN ELEVATOR CO., INC., HAMILTON DOOR & CAB. INC., AND THE UNITED STATES OF AMERICA**

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, defendant KONE Inc. ("KONE"), improperly named as Montgomery KONE, Inc., moves this Court for leave to serve and file a Third-Party Complaint against Metropolitan Elevator Co., Inc. ("Metropolitan"), Hamilton Door & Cab, Inc. ("Hamilton"), and the United States of America ("United States"). The proposed Complaint is attached hereto as <u>Exhibit A</u>. In support of this motion, KONE states as follows:

    1.    Defendant KONE has been sued by plaintiff Michael Bassett ("Bassett") for personal injuries. Bassett alleges that KONE was negligent in installing and maintaining an elevator gate located in the Federal Post Office located in Central Square, Cambridge, Massachusetts. Bassett further alleges that the elevator gate in question was under the custody and/or control of KONE.

    2.    Rule 14(a), Fed.R.Civ.P., allows a defendant in a civil action to, as a third-party plaintiff, bring a third-party into the case "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."

3.  If KONE is liable to Bassett, it follows that Metropolitan, Hamilton, and the United States "may be liable to [KONE] for all or part of the plaintiff's claim against [KONE]."

4.  Upon information and belief, the elevator gate which Bassett alleges caused his injuries was maintained by Metropolitan. Therefore, to the extent that Bassett alleges the elevator gate was negligently maintained, Metropolitan may be held responsible for his injuries.

5.  Upon information and belief, the elevator gate that Bassett alleges caused his injuries was installed by Hamilton. Therefore, to the extent that Bassett alleges the elevator gate was negligently installed, Hamilton may be held responsible for his injuries.

6.  Upon information and belief, the United States of America, through its instrumentality the United States Postal Service, exercised custody and control of the Federal Post Office and the elevator and elevator gate in question. Therefore, to the extent that Bassett alleges liability based on custody and control of the elevator gate, the United States of America may be held responsible for his injuries.

7.  "In exercising its discretion [to allow a motion to file a third-party complaint] the court should endeavor to effectuate the purpose of Rule 14, which means that impleader is to be allowed if it will avoid circuity of action and eliminate duplication of suits based on closely related matters. As a result, a timely application for impleader should be granted except when it will delay or disadvantage the existing action and the third-party claim obviously lacks merit. Of course the court must be sensitive to the possibility of prejudice to the original plaintiff or the third-party defendant that may result from permitting the assertion of the third-party claim. Similarly, the court's discretion should be exercised only when the claim is within the scope of impleader established by Rule 14(a). But if the claim is a proper third-party action and will not

prejudice the other parties to the litigation, there is no reason to deny an application under Rule 14(a)." Wright & Miller, 6 Federal Practice and Procedure § 1443 (2004).

8. Bassett filed his Complaint in the Middlesex Superior Court on or about June 2, 2004. On or about July 23, 2004, KONE removed the Complaint to the United States District Court for the District of Massachusetts.

9. Counsel for Bassett has assented to the filing of the proposed Third-Party Complaint against Metropolitan, Hamilton, and the United States.

10. The Court has set a deadline of December 15, 2005 for adding third-party defendants and scheduled a status conference for January 23, 2006. The third-party defendants will have the opportunity, at this status conference, to propose a schedule for discovery and the filing of any dispositive motions. They will not be prejudiced by the allowance of this motion.

Respectfully submitted,

KONE INC.
By its attorneys,


/s/ Brooks A. Ames
Brooks A. Ames (BBO #641192)
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, MA  02110-2600
Telephone: (617) 406-6045

Dated:   November 4, 2005

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party (by mail/by hand) on _____
11/4/05
B. A. A.

**Rule 15.1 Certificate**

    I certify that the foregoing motion was served on November 4, 2005 by mail on each proposed new party to this action.

                                        /s/ Brooks A. Ames
                                        Brooks A. Ames (BBO# 641192)

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BASSETT,<br><br>Plaintiff,<br><br>v.<br><br>MONTGOMERY KONE, INC.,<br><br>Defendant and Third-Party Plaintiff,<br><br>METROPOLITAN ELEVATOR CO., INC.,<br>HAMILTON DOOR & CAB, INC.,<br>and THE UNITED STATES OF AMERICA,<br><br>Third-Party Defendants. | CIVIL ACTION NO. 04-CV-11648 GAO |

**DEFENDANT KONE INC.'S THIRD-PARTY COMPLAINT AGAINST
THIRD-PARTY DEFENDANTS METROPOLITAN ELEVATOR CO., INC.,
HAMILTON DOOR & CAB, INC., AND THE UNITED STATES OF AMERICA**

**Introduction**

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, defendant KONE Inc. ("KONE"), improperly named as Montgomery KONE, Inc., hereby files this Third-Party Complaint against Third-Party Defendants Metropolitan Elevator Co, Inc. ("Metropolitan"), Hamilton Door & Cab, Inc. ("Hamilton"), and the United States of America ("United States").

**Parties**

1.  Plaintiff Michael Bassett ("Bassett"), upon information and belief, resides at 114 Sayles Street, Lowell, MA 01851.

2.  Defendant and Third-Party Plaintiff KONE is a Delaware corporation with its principal place of business located at Moline, Illinois.

3. Third-Party Defendant Metropolitan is a Massachusetts corporation with its principal place of business located at 1047 Washington Street, Weymouth, MA 02189.

4. Third-Party Defendant Hamilton is a Massachusetts corporation with its principal place of business located at P.O. Box 1308, 501 Main Street, Saugus, MA 01906.

5. Third-Party Defendant the United States is named as a party defendant pursuant to the Federal Tort Claims Act.

### Jurisdiction & Venue

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1367(a) and 28. U.S.C. §1346.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because "a substantial part of the events or omissions giving rise to the claim[s], occurred" here.

### Facts

8. Plaintiff Bassett commenced this action by filing his Complaint in the Middlesex Superior Court on or about June 2, 2004. On or about July 23, 2004, KONE removed the Complaint to the United State District Court for the District of Massachusetts based on diversity jurisdiction under 28 U.S.C. § 1332. A copy of the Complaint is attached hereto as <u>Exhibit A</u>.

9. The Complaint alleges that, on or about June 6, 2001, Bassett sustained personal injury at the Federal Post Office located in Central Square, Cambridge, Massachusetts when the gate of an elevator hit him on the head. See Complaint, ¶¶ 3-4.

10. The Complaint alleges that the elevator and the elevator gate in question were under the custody and/or control of KONE. See Complaint, ¶6.

11. The Complaint alleges that KONE installed and maintained the elevator gate in question. See Complaint, ¶7.

- 2 -

~BOST1:395060.v1

12. The Complaint alleges that KONE was negligent in maintaining and installing the elevator gate in question and that KONE's negligence was the proximate cause of Bassett's injuries. See Complaint, ¶¶7-9.

13. Upon information and belief, Third-Party Defendant Metropolitan was responsible for maintaining the elevator gate in question.

14. Upon information and belief, Third-Party Defendant Hamilton was responsible for installing the elevator gate in question.

15. Upon information and belief, Third-Party Defendant the United States, through its instrumentality the United States Postal Service, exercised custody and control over the Federal Post Office and the elevator and elevator gate in question.

### Count I (Contribution)

16. KONE restates the allegations set forth in Paragraphs 1 through 15 of this Third-Party Complaint.

17. In the event that Bassett is entitled to recover damages for his alleged injuries as set forth in his Complaint, which is hereby expressly denied, then KONE avers that Third-Party Defendants Metropolitan, Hamilton, and the United States were negligent and are therefore liable to Bassett for such damages.

18. In the event that Bassett is entitled to recover damages for his alleged injuries as set forth in his Complaint, which is hereby expressly denied, then KONE is entitled to contribution from Third-Party Defendants Hamilton, Metropolitan, and the United States pursuant to M.G.L. c. 231B.

### Count II (Indemnification)

19.  KONE restates the allegations set forth in paragraphs 1-18 of this Third-Party Complaint.

20.  In the event that Bassett is entitled to recover damages for his alleged injuries as set forth in his Complaint, which is hereby expressly denied, then KONE avers that Third-Party Defendants Metropolitan, Hamilton, and the United States are liable to KONE for indemnification, any and all liability on the part of KONE being expressly denied.

## Prayer for Relief

WHEREFORE, KONE prays that the Court grant it the following relief:

1. Judgment on behalf of KONE with regard to this Third-Party Complaint;

2. Attorneys' fees and costs; and

3. Any other relief that the Court deems just and proper.

>KONE INC.
>By its attorney,
>
>_____
>Brooks A. Ames (BBO #641192)
>DLA PIPER RUDNICK GRAY CARY US LLP
>One International Place, 21st Floor
>Boston, Massachusetts 02110-2613
>617.406.6000
>617.406.6100

Dated:

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          TRIAL COURT DEPARTMENT
                                        SUPERIOR COURT DEPARTMENT
                                        Civil Action No: 04-2275 L2

|  |  |
|---|---|
| MICHAEL BASSETT ) | |
| ) | |
| Plaintiff ) | |
| ) | COMPLAINT AND CLAIM |
| v. ) | FOR JURY TRIAL |
| ) | |
| MONTGOMERY KONE, INC. ) | |
| ) | |
| Defendant ) | |

1. The Plaintiff, Michael Bassett, (hereinafter "Bassett") is a resident of 114 Sayles Street, Lowell, MA 01851, Middlesex County, Massachusetts.

2. Upon information and belief, Defendant, Montgomery Kone, Inc. is corporation organized pursuant to the laws of the State of Delaware with its principal place of business in Massachusetts located at 55 Brooks Drive, Braintree, Norfolk County, Massachusetts.

3. On or about June 6, 2001, Plaintiff was working at the Federal Post Office located on Massachusetts Avenue, Central Square, Cambridge, Middlesex County, Massachusetts.

4. On or about June 6, 2001, while working at the Federal Post Office located in Central Square, Cambridge, Massachusetts, Plaintiff, Bassett pushed a postal container into the elevator.

5. Suddenly, while pushing such container, the gate of such elevator descended and hit Plaintiff on the head.

6. Such elevator, its installation, maintenance and/or setting of the workings and function

of the elevator gate and any and all precautions required for such elevator and/or elevator gate was under the custody and/or control of Defendant, Montgomery Kone.

7. Defendant, Montgomery Kone failed to install, maintain, and/or adequately set the workings and function of the elevator gate and any and all precautions required for such elevator and/or elevator gate.

8. The actions and/or omissions of Defendant, Montgomery Kone including but not limited to that set out above constitutes negligence.

9. As a direct and proximate result of the negligence of Defendant, Montgomery Kone, Plaintiff, Bassett suffered and continues to suffer from damages including injuries to his person, permanent partial disability, pain and suffering and medical treatment and expense.

WHEREFORE, Plaintiff demands judgment against:

A. Defendant, Montgomery Kone for any and all damages to which he is entitled; and

B. Any and all other costs and or awards which this Honorable Court deems justified.

PLAINTIFF DEMANDS A JURY TRIAL AS TO EACH AND EVERY ISSUE RAISED IN THIS COMPLAINT.

DATED: JUNE 2, 2004

Plaintiff,
By his attorney,

Steve J. Gutherz, Esq.
675 Massachusetts Ave.
9th Floor
Cambridge, MA 02139
(617) 868-2030
BBO# 545996