UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BASSETT,<br><br>Plaintiff,<br><br>v.<br><br>MONTGOMERY KONE, INC.,<br><br>Defendant and Third-Party Plaintiff,<br><br>METROPOLITAN ELEVATOR CO., INC.,<br>HAMILTON DOOR & CAB, INC.,<br>and THE UNITED STATES OF AMERICA,<br><br>Third-Party Defendants. | CIVIL ACTION NO. 04-CV-11648 GAO |

**DEFENDANT KONE INC.'S THIRD-PARTY COMPLAINT AGAINST
THIRD-PARTY DEFENDANTS METROPOLITAN ELEVATOR CO., INC.,
HAMILTON DOOR & CAB, INC., AND THE UNITED STATES OF AMERICA**

**Introduction**

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, defendant KONE Inc. ("KONE"), improperly named as Montgomery KONE, Inc., hereby files this Third-Party Complaint against Third-Party Defendants Metropolitan Elevator Co, Inc. ("Metropolitan"), Hamilton Door & Cab, Inc. ("Hamilton"), and the United States of America ("United States").

**Parties**

1. Plaintiff Michael Bassett ("Bassett"), upon information and belief, resides at 114 Sayles Street, Lowell, MA 01851.

2. Defendant and Third-Party Plaintiff KONE is a Delaware corporation with its principal place of business located at Moline, Illinois.

3.  Third-Party Defendant Metropolitan is a Massachusetts corporation with its principal place of business located at 1047 Washington Street, Weymouth, MA 02189.

4.  Third-Party Defendant Hamilton is a Massachusetts corporation with its principal place of business located at P.O. Box 1308, 501 Main Street, Saugus, MA 01906.

5.  Third-Party Defendant the United States is named as a party defendant pursuant to the Federal Tort Claims Act.

### Jurisdiction & Venue

6.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §1367(a) and 28. U.S.C. §1346.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because "a substantial part of the events or omissions giving rise to the claim[s], occurred" here.

### Facts

8.  Plaintiff Bassett commenced this action by filing his Complaint in the Middlesex Superior Court on or about June 2, 2004. On or about July 23, 2004, KONE removed the Complaint to the United State District Court for the District of Massachusetts based on diversity jurisdiction under 28 U.S.C. § 1332. A copy of the Complaint is attached hereto as Exhibit A.

9.  The Complaint alleges that, on or about June 6, 2001, Bassett sustained personal injury at the Federal Post Office located in Central Square, Cambridge, Massachusetts when the gate of an elevator hit him on the head. See Complaint, ¶¶ 3-4.

10. The Complaint alleges that the elevator and the elevator gate in question were under the custody and/or control of KONE. See Complaint, ¶6.

11. The Complaint alleges that KONE installed and maintained the elevator gate in question. See Complaint, ¶7.

12. The Complaint alleges that KONE was negligent in maintaining and installing the elevator gate in question and that KONE's negligence was the proximate cause of Bassett's injuries. See Complaint, ¶¶7-9.

13. Upon information and belief, Third-Party Defendant Metropolitan was responsible for maintaining the elevator gate in question.

14. Upon information and belief, Third-Party Defendant Hamilton was responsible for installing the elevator gate in question.

15. Upon information and belief, Third-Party Defendant the United States, through its instrumentality the United States Postal Service, exercised custody and control over the Federal Post Office and the elevator and elevator gate in question.

### Count I (Contribution)

16. KONE restates the allegations set forth in Paragraphs 1 through 15 of this Third-Party Complaint.

17. In the event that Bassett is entitled to recover damages for his alleged injuries as set forth in his Complaint, which is hereby expressly denied, then KONE avers that Third-Party Defendants Metropolitan, Hamilton, and the United States were negligent and are therefore liable to Bassett for such damages.

18. In the event that Bassett is entitled to recover damages for his alleged injuries as set forth in his Complaint, which is hereby expressly denied, then KONE is entitled to contribution from Third-Party Defendants Hamilton, Metropolitan, and the United States pursuant to M.G.L. c. 231B.

## Count II (Indemnification)

19. KONE restates the allegations set forth in paragraphs 1-18 of this Third-Party Complaint.

20. In the event that Bassett is entitled to recover damages for his alleged injuries as set forth in his Complaint, which is hereby expressly denied, then KONE avers that Third-Party Defendants Metropolitan, Hamilton, and the United States are liable to KONE for indemnification, any and all liability on the part of KONE being expressly denied.

## Prayer for Relief

WHEREFORE, KONE prays that the Court grant it the following relief:

1. Judgment on behalf of KONE with regard to this Third-Party Complaint;

2. Attorneys' fees and costs; and

3. Any other relief that the Court deems just and proper.

KONE INC.
By its attorney,

_/s/ Brooks A. Ames_
Brooks A. Ames (BBO #641192)
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
617.406.6000
617.406.6100

Dated: February 3, 2006