UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BASSETT,              )<br>                              )<br>    Plaintiff,                 )<br>                              )<br> v.                           )<br>                              )<br>                              )<br>                              )<br> MONTGOMERY KONE, INC.,        )<br>    Defendant-Third Party     )<br>    Plaintiff,                )<br>                              )<br> v.                           )<br>                              )<br> THE UNITED STATES OF          )<br> AMERICA, et al.,             )<br>    Third Party Defendants.   ) | CIVIL ACTION NO:<br>04-11648-GAO |

## **MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

The United States submits this memorandum in support of its motion to dismiss the third party plaintiff's claims for lack of subject matter jurisdiction. As explained more fully below, the doctrine of sovereign immunity bars the third party claim against the United States because Plaintiff, Michael Bassett, has received worker's compensation benefits from the United States pursuant to the Federal Employees Compensation Act.

Facts

The Plaintiff, Michael Bassett ("Bassett"), is an employee of the United

State Postal Service ("USPS"). On June 6, 2001, while entering an elevator in the Cambridge Post Office (where he was employed), Bassett was struck on the back of the neck by the elevator grate. See Bassett Complaint, attached hereto as Exhibit 1, ¶3.

As a result of his injuries, Bassett filed for, and was granted, benefits under the Federal Employees Compensation Act ("FECA"), 5 U.S.C.A. §§ 8101 et seq. See Declaration of Cynthia Dango, ¶1-5, and Exhibits A-E, attached as Exhibit 2.[1]

Procedural History

On or about June 2, 2004, Bassett filed a Complaint against Montgomery Kone, Inc. ("Kone"), the manufacturer of the elevator, alleging negligence. See Bassett Complaint, Exhibit 1. Kone removed the matter to this Court, and, on or about February 3, 2006, filed a third party complaint against the United States alleging that the negligence of the USPS in maintaining the premises contributed to the accident. Kone seeks recovery from the United States in the form of contribution and indemnification. See Kone Complaint, attached hereto as Exhibit 3.

---

[1] See Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002) ("The attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion. While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion, such as the one in this case.").

<u>Argument</u>

I.    The Third Party Claim Is Not Cognizable Under The Federal Tort Claims Act, And, Consequently, Is Barred By Sovereign Immunity

No action lies against the United States or its employees unless Congress has expressly authorized it.  <u>See</u>, <u>e.g</u>., <u>Hercules v. United States</u>, 516 U.S. 417, 422 (1996); <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976).  Thus, in the absence of a waiver of sovereign immunity, this Court lacks subject matter jurisdiction over the third party plaintiff's claim.

The Federal Tort Claims Act ("FTCA") is an exception to the general rule that the United States, as sovereign, is immune form all liability.  <u>See</u>, <u>e.g</u>., <u>Lopez v. United States</u>, 758 F.2d 806, 808-809 (1st Cir. 1985).  This exception allows the United States to be sued for injuries caused by the alleged negligence of government employees, "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  Liability can only be imposed "in the same manner and to the same extent as a private individual under like circumstances . . . ."  28 U.S.C. § 2674.  Thus, the federal government's liability under the FTCA is limited to those occasions where a state law tort action could be brought against an analogous private individual.  28 U.S.C. §§ 1346(b) and 2674; <u>Carlson v. Green</u>, 446 U.S. 14, 23 (1980).

Because Massachusetts law would not permit an action against a private individual in similar circumstances, sovereign immunity bars the third party plaintiff's claims.

2.  The Massachusetts Worker's Compensation Scheme Bars Third Party Claims Against Insured Employers

Massachusetts has enacted a comprehensive Workers Compensation Scheme.  See M.G.L. c. 152, § 1, et seq.  Pursuant to this scheme, filing of a workers compensation claim or acceptance by an injured employee of worker's compensation payments from an insured employer constitutes a waiver of any and all common law tort claims.  M.G.L. c. 152, § 23.  Of particular relevance to the instant claim, the Massachusetts Supreme Judicial Court has specifically held that the scheme bars any claim for contribution or indemnity (absent a contract)[2] against an employer by a third-party tortfeasor who is later sued by the employee. See Decker v. Black and Decker Mfg. Co., 389 Mass. 35, 37 (1983) ("any right of a third-party tortfeasor to recover indemnity from an employer who has paid workmen's compensation benefits to an injured employee, must stem, if at all, from an express or implied contract of indemnity or from an obligation implied from the relationship of the parties")(citing Liberty Mutual Insurance Co. v. Westerlind, 374

---

[2] Kone makes no allegation as to any contract with United States.  See Kone Complaint.

Mass. 524, 526-27 (1978)).

3. The United States Provides The Functional Equivalent Of Workers' Compensation Benefits Under FECA, And Is Therefore Entitled To Immunity Under The Massachusetts' Workers' Compensation Scheme

The language of the FTCA notwithstanding, it is impossible for the United States, as sovereign, to ever stand exactly in the shoes of any "private person." It is thus the obligation of the court to find an appropriate private analog. See, e.g., In re All Maine Asbestos Litigation, 772 F.2d 1023, 1027-28 (1st Cir. 1985) ("To identify the applicable rule of substantive law, the FTCA directs us to determine the substantive law that would apply to 'a private individual under like circumstances' in the jurisdiction where the injury occurred").

FECA is a federal counterpart to state worker's compensation statutes. In enacting FECA, "Congress adopted the principal compromise–the 'quid pro quo'--commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." Lockheed Aircraft Corp. v. United States, 460 U.S.190, 194 (1983).

In this case, the United States has paid medical bills for Bassett totaling $1,641.51 as a result of Bassett's FECA claim. For purposes of the instant action, the appropriate state law analog is to a private person/employer who has provided

workers compensation benefits.  See, e.g., Bell Helicopter v. United States, 833 F.2d 1375, 1378 (9th Cir. 1987) ("Because FECA is comparable to a state workers' compensation law, all other things being equal, the United States should be entitled to the same immunity from suit enjoyed by a private employer covered by state workers' compensation laws."); In re All Maine Asbestos Litigation, 772 F.2d at 1027-28 (finding third party claims against the United States under the FTCA barred by Maine's worker's compensation scheme where FECA applied);  Stewart v. United States, 716 F.2d 755, 765 (10th Cir. 1982) (same); and Roelofs v. United States, 501 F.2d 87, 92-93 (5th Cir. 1974) (same).

Analogizing the United States to a private employer who has provided workers' compensation benefits,  Massachusetts law bars the instant third party claims for indemnity and contribution.  See Decker and Westerlind, supra.  As Massachusetts law does not afford a cause of action against "a private individual in like circumstances," the claims are not permitted by the FTCA and are barred by sovereign immunity.

## Conclusion

For the foregoing reasons, the third party claims against the United States must be dismissed for lack of subject matter jurisdiction.

                Respectfully submitted,
                MICHAEL J. SULLIVAN
                United States Attorney

                /s/ Mark J. Grady
                MARK J. GRADY
                Assistant U.S. Attorney
                U.S. Attorney's Office
                John Joseph Moakley U.S. Courthouse
                1 Courthouse Way, Suite 9200
                Boston, MA   02210
                Tel. No. (617) 748-3136

## Certificate of Service

I hereby certify that I served a copy of the foregoing motion on the parties having appeared in this matter who are not electronically registered: Steve Gutherz, 675 Massachusetts Ave., 9th Floor, Cambridge, MA 02139 by mail this 24th day of April 2006.

                /s/ Mark J. Grady
                MARK J. GRADY