UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
MICHAEL BASSETT,                    *
    Plaintiff,                      *
                                    *
vs.                                 *
MONTGOMERY KONE, INC.,              *    CIVIL ACTION NO. 04-CV-11648-GAO
    Defendant and                   *
    Third-party Plaintiff,          *
                                    *
vs.                                 *
                                    *
METROPOLITAN ELEVATOR CO., INC.,    *
HAMILTON DOOR & CAB, INC. and       *
THE UNITED STATES OF AMERICA,       *
    Third-party Defendants.         *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

### ANSWER AND JURY CLAIM OF THE THIRD-PARTY DEFENDANT, HAMILTON DOOR & CAB, INC., TO THE THIRD-PARTY COMPLAINT

The third-party defendant, Hamilton Door & Cab, Inc., in the above-captioned matter, hereby makes this its Answer to the Third-Party Complaint.

### FIRST DEFENSE

#### Introduction

No response is required to the Introduction paragraph.

#### Parties

1. The third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and calls upon the third-party plaintiff to prove the same.

2. The third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and calls upon the third-party

plaintiff to prove the same.

3. The third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and calls upon the third-party plaintiff to prove the same.

4. The third-party defendant denies the allegations contained in paragraph 4.

5. The third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and calls upon the third-party plaintiff to prove the same.

### Jurisdiction & Venue

6. Paragraph 6 calls for a legal conclusion and therefore no response is required.

7. Paragraph 7 calls for a legal conclusion and therefore no response is required.

### Facts

8. The third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and calls upon the third-party plaintiff to prove the same.

9. The third-party defendant states that the plaintiff's Complaint speaks for itself.

10. The third-party defendant states that the plaintiff's Complaint speaks for itself.

11. The third-party defendant states that the plaintiff's Complaint speaks for itself.

12. The third-party defendant states that the plaintiff's Complaint speaks for itself.

13. The third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and calls upon the third-party plaintiff to prove the same.

14. The third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the third-party plaintiff to prove the same.

15. The third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and calls upon the third-party plaintiff to prove the same.

WHEREFORE, the third-party defendant demands that the Third-Party Complaint against

it be dismissed and that judgment enter for the third-party defendant, together with its costs.

### Count I (Contribution)

16. The third-party defendant incorporates herein by reference its answers to paragraphs 1 through 15 and makes them its answer to paragraph 16 of Count I.

17. The third-party defendant denies the allegations contained in paragraph 17 of Count I to the extent they are directed to Hamilton. The remaining allegations are not directed to Hamilton and therefore do not require a response; however, in the event that these allegations are read to be applicable to Hamilton, the third-party defendant denies said allegations.

18. The third-party defendant denies the allegations contained in paragraph 18 of Count I to the extent they are directed to Hamilton. The remaining allegations are not directed to Hamilton and therefore do not require a response; however, in the event that these allegations are read to be applicable to Hamilton, the third-party defendant denies said allegations.

WHEREFORE, the third-party defendant demands that the Third-Party Complaint against it be dismissed and that judgment enter for the third-party defendant, together with its costs.

### Count II (Indemnification)

19. The third-party defendant incorporates herein by reference its answers to paragraphs 1 through 18 and makes them its answer to paragraph 19 of Count II.

20. The third-party defendant denies the allegations contained in paragraph 20 of Count II to the extent they are directed to Hamilton. The remaining allegations are not directed to Hamilton and therefore do not require a response; however, in the event that these allegations are read to be applicable to Hamilton, the third-party defendant denies said allegations.

WHEREFORE, the third-party defendant demands that the Third-Party Complaint against it be dismissed and that judgment enter for the third-party defendant, together with its costs.

### SECOND DEFENSE

And further answering, the third-party defendant says that the acts complained of were not committed by a person and/or entity for whose conduct the third-party defendant was legally responsible.

### THIRD DEFENSE

And further answering, the third-party defendant says that the third-party plaintiff was actually negligent, and therefore is barred from recovering against the third-party defendant.

### FOURTH DEFENSE

And further answering, the third-party defendant says that if the third-party plaintiff proves that the third-party defendant was negligent as alleged, plaintiff and/or the third-party plaintiff were negligent to a greater degree than the third-party defendant and are barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts.

### FIFTH DEFENSE

And further answering, the third-party defendant says that the cause of action is barred by reason of the Statute of Limitations.

### SIXTH DEFENSE

And further answering, the third-party defendant says that the Third-Party Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(5) for insufficient service of process.

### SEVENTH DEFENSE

And further answering, the third-party defendant says that the Third-Party Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### EIGHTH DEFENSE

And further answering, the third-party defendant says that the Third-Party Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the third-party plaintiff has failed to give notice of any claim as required by law, and the third-party defendant was thereby prejudiced, wherefore the third-party plaintiff is barred from recovery.

### NINTH DEFENSE

And further answering, the third-party defendant says that the Third-Party Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the third-party plaintiff seeks indemnification.

### TENTH DEFENSE

And further answering, the third-party defendant says that to the extent that it had any obligations to the third-party plaintiff and/or the plaintiff, such obligations have been fully, completely and properly performed in every respect.

## ELEVENTH DEFENSE

And further answering, the third-party defendant says that it has performed and fulfilled all promises and obligations arising under all applicable warranties of merchantability, and that therefore the third-party plaintiff is barred from recovery.

## TWELFTH DEFENSE

And further answering, the third-party defendant says that the third-party plaintiff is barred from any recovery because the alleged injuries and/or damages were caused by an unforeseeable misuse of the product.

## THIRTEENTH DEFENSE

And further answering, the third-party defendant says that all goods it sold and/or installed were such that would pass without objection in the trade under the contract description, and that therefore the third-party plaintiff is barred from recovery.

## FOURTEENTH DEFENSE

And further answering, the third-party defendant says that it provided adequate warnings regarding the product and its usage, and that therefore the third-party plaintiff is barred from recovery.

## FIFTEENTH DEFENSE

And further answering, the third-party defendant states that it had no duty to warn about risks which were not reasonably foreseeable at the time of the installation of the referenced product and which could not have been discovered by way of reasonable testing prior to the installation.

## SIXTEENTH DEFENSE

This third-party defendant states that there was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of the third-party plaintiff and/or plaintiff, or malice (actual, legal or otherwise) on the part of this third-party defendant as to the third-party plaintiff or plaintiff herein.

## SEVENTEENTH DEFENSE

And further answering, the third-party defendant says that if the third-party plaintiff proves that the third-party defendant was involved in any of the transactions alleged in the Third-Party Complaint, the third-party defendant acted in good faith at all times with respect to those transactions, and the third-party plaintiff is therefore barred from recovery.

### EIGHTEENTH DEFENSE

And further answering, the third-party defendant says that it is not liable based upon an unforeseeable alteration of the product.

### NINETEENTH DEFENSE

And further answering, the third-party defendant says that the referenced product, if any, of the third-party defendant was in conformity with the state-of-the-art at the relevant times involved.

### TWENTIETH DEFENSE

And further answering, the third-party defendant says that if the plaintiff and/or third-party plaintiff prove that there was any defect in the subject product, said defect was open and obvious and the third-party plaintiff is therefore barred from recovery.

### TWENTY-FIRST DEFENSE

And further answering, the third-party defendant says that if the plaintiff and/or third-party plaintiff prove that there was any defect in the subject product, said defect was *de minimis* and the third-party plaintiff is therefore barred from recovery.

### TWENTY-SECOND DEFENSE

And further answering, the third-party defendant says that the property where the plaintiff was injured was not in the control of the third-party defendant at the time of the accident.

### TWENTY-THIRD DEFENSE

And further answering, the third-party defendant says that if the plaintiff can prove that the subject property was defective and dangerous as alleged, then plaintiff unreasonably proceeded to use property which he knew to be defective and dangerous, and that conduct was a cause of his injury and/or damage, and the plaintiff and/or third-party plaintiff are therefore barred from recovery.

### TWENTY-FOURTH DEFENSE

And further answering, the third-party defendant says that the third-party plaintiff is barred from any recovery because third-party defendant did not have actual knowledge of any alleged defect and/or dangerous condition.

### JURY CLAIM

THE THIRD-PARTY DEFENDANT HEREBY MAKES CLAIM FOR A TRIAL BY JURY.

Respectfully submitted,
Third-Party Defendant, Hamilton Door & Cab, Inc.,
By its attorneys,


_____
Michael J. Mazurczak, BBO #555106
Debra I. Lerner, BBO #555775
MELICK, PORTER & SHEA, LLP
28 State Street, 22nd floor
Boston, MA 02109-1775
617-523-6200


## CERTIFICATE OF SERVICE

I, Debra I. Lerner, hereby certify that on this 5th day of July, 2006, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

>Steve Gutherz, Esq.
>675 Massachusetts Avenue
>Ninth Floor
>Cambridge, MA 02139
>
>Brooks A. Ames, Esq.
>DLA PIPER RUDNICK GRAY CARY US, LLP
>33 Arch Street, 26th Floor
>Boston, MA 02110-1447
>
>Mark J. Grady, Esq.
>United States Attorney's Office
>One Courthouse Way
>Suite 9200
>Boston, MA 02210

_____
Debra I. Lerner