UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BASSETT,<br><br>   Plaintiff,<br><br>   v.<br><br>MONTGOMERY KONE, INC.,<br><br>   Defendant and Third-Party Plaintiff,<br><br>METROPOLITAN ELEVATOR CO., INC.,<br>HAMILTON DOOR & CAB, INC.,<br>and THE UNITED STATES OF AMERICA,<br><br>   Third-Party Defendants. | CIVIL ACTION NO. 04-CV-11648 GAO |

**AFFIDAVIT OF BROOKS A. AMES FILED PURSUANT TO THE COURT'S STANDING ORDER REGARDING MOTIONS FOR DEFAULT JUDGMENT**

I, Brooks A. Ames, swear and affirm that the following is true to the best of my information and belief.

1. I represent the defendant and third-party plaintiff KONE Inc. ("KONE") (improperly named as Montgomery Kone, Inc.) in the above-entitled action.

2. On February 3, 2006, I filed a third-party complaint against the third-party defendant Metropolitan Elevator Co., Inc. ("Metropolitan"). On August 21, 2006, at KONE's request, a Notice of Default issued to Metropolitan.

4. On the same date, the Court provided me with its Standing Order Regarding Motions for Default Judgment (the "Order"). The Order sets forth requirements for submission of a Motion for Entry of Default Judgment. It requires the moving party to take all necessary and appropriate action to comply with the Order, or else file an affidavit describing the status of the

BOST1\436578.1

case and showing good cause why necessary and appropriate action cannot be taken and why the case should remain on the docket. This affidavit is filed in accordance with the Order.

Status of the Case

5. Defendant KONE has been sued by plaintiff Michael Bassett ("Bassett") for personal injuries. Bassett alleges that KONE was negligent in installing and maintaining an elevator gate located in the Federal Post Office located in Central Square, Cambridge, Massachusetts. KONE filed third-party complaints against Metropolitan and Hamilton Door & Cab, Inc. ("Hamilton"), on the basis that these parties may be liable to KONE for all or part of Bassett's claim against KONE. Specifically, KONE claims that Metropolitan maintained the elevator gate in question and that Hamilton installed it.

6. Hamilton Cab has answered the third-party complaint. The parties anticipate that a new case management discovery will be set by the Court, and the parties will submit a new discovery schedule for the Court's approval. KONE and Bassett did not complete their discovery in anticipation of the joinder of the third-parties.

The Case Against Metropolitan Should Remain on the Docket

7. KONE's case against Metropolitan is derivative of Bassett's case against KONE. KONE is claiming contribution and indemnity from Metropolitan in the event that KONE is held liable for Bassett's injury.

8. Until Bassett's underlying complaint has been resolved, KONE is unable to determine the nature of the damages, if any, it is entitled to recover from Metropolitan. Therefore, KONE cannot file a Motion for Entry of Default Judgment at this time. The case should continue to remain on the docket in the meantime, however, because KONE continues to hold a valid, if contingent, claim against Metropolitan.

Signed under the penalties of perjury this 20th day of September, 2006.

                                        /s/ Brooks A. Ames
                                        Brooks A. Ames, BBO #641192