UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BASSETT, </br></br> Plaintiff </br></br> v. </br></br> MONTGOMERY KONE, INC </br></br> Defendant/Third-Party Plaintiff </br></br> METROPOLITAN ELEVATOR CO., INC., </br> HAMILTON DOOR & CAB., INC. </br></br> Third –Party Defendants | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) C.A. No. 04-CV-11648 GAO </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

### PLAINTIFF, MICHAEL BASSETT'S MOTION TO EXEND THE DISCOVERY PERIOD FOR AN ADDITIONAL NINETY (90) DAY PERIOD

Now comes Plaintiff, Michael Bassett, pursuant to the Federal Rules of Civil Procedure and the equitable powers of this Honorable Court and moves that the Discovery Schedule set in this case be extended for an additional Ninety (90) day period.

In support of this Motion, Plaintiff, Bassett submits the following:

1) A Rule 30(b) deposition of Montgomery Kone, Inc. (hereinafter "Kone") was held on October 26, 2007 December 6, 2007. During such deposition, it was revealed that Kone, still had not found any of their records relating to the claims set out in Plaintiff's Complaint. In addition, Kone, through its attorney, stated that efforts were still being made to find such records. (See attached Affidavit of attorney for Plaintiff, Bassett,

J. Gutherz, Esq.).

2) Attorney for Defendant, Kone, Brooks A. Ames, Esq., to this date, confirmed that his Freedom of Information Act (FOIA) Request from the U.S. Post Office did not produce records during the approximately two year time frame when the work relating to the freight elevator which caused the accident and personal injuries suffered by Mr. Bassett occurred. (See attached Affidavit).

3) The lack of any such records from both Kone and the U.S. Post Office is significant in that during the above noted deposition of Kone and through documents produced by Third-Party defendant, Hamilton, it was revealed that wiring work performed by defaulted, Third-Party Defendant, Metropolitan Elevator Co., Inc., (hereinafter "Metropolitan") likely affected the operation of the freight elevator door which caused injury to Mr. Bassett. (See Affidavit).

4) Attorney for Defendant, Kone, Brooks A. Ames, Esq., informed Plaintiff that he continues to pursue the name of the insurance company of Metropolitan which would engage them in this case and produce documents relating to work which Metropolitan performed on the freight elevator which hit Mr. Bassett on his head. (See Affidavit).

5) Based on the foregoing, without relevant documentation relating to the work performed on the freight elevator, it is not practicable to designate an elevator expert to provide his opinion as to the cause(s) of the malfunctioning of the freight elevator without crucial documentation as to the work which was performed prior to the accident

suffered by Mr. Bassett. Moreover, such additional documentation will likely require additional deposition questioning of Kone as was noted on the record during the latest deposition date. (See Affidavit).

In sum, based on the above, Mr. Bassett does hereby respectfully request that the discovery schedule in this case be extended for an additional ninety (90) days **including but not limited to both general discovery and expert disclosure.**

    Respectfully submitted,
    Plaintiff, Michael Basset, By his attorney


    /s/ Steve J. Gutherz, Esq._____
    Steve J. Gutherz, Esq. BBO# 545996
    675 Massachusetts Avenue
    9th Floor
    Cambridge, MA 02139
    (617) 868-2030
    stevegutherz@aol.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BASSETT, | ) |
| Plaintiff | ) |
| vi. | ) |
| MONTGOMERY KONE, INC | ) |
| Defendant/Third-Party Plaintiff | ) C.A. No. 04-CV-11648 GAO |
| METROPOLITAN ELEVATOR CO., INC., HAMILTON DOOR & CAB., INC. | ) |
| Third –Party Defendants | ) |

**AFFIDAVIT OF STEVE J. GUTHERZ, ESQ.
ATTORNEY FOR PLAINTIFF, MICHAEL BASSETT
IN SUPPORT OF HIS MOTION TO EXTEND THE
DISCOVERY PERIODFOR AN ADDITIONAL NINETY (90) DAYS**

I, Steve J. Gutherz, Esq., attorney for Plaintiff, Michael Bassett do hereby swear to State the following:

1) I, Steve J. Gutherz, Esq., am the attorney for Plaintiff, Michael Bassett in this Case with my office located at 675 Massachusetts Avenue, 9th Floor, Cambridge, MA 02139.

2) A Rule 30(b) deposition of Montgomery Kone, Inc. (hereinafter "Kone") was held on October 26, 2007 December 6, 2007. During such deposition, it was revealed that Kone, still had not found any of their records relating to the claims set out in Plaintiff's

Complaint. In addition, Kone, through its attorney, stated that efforts were still being made to find such records.

3)  Attorney for Defendant, Kone, Brooks A. Ames, Esq., to this date, confirmed that his Freedom of Information Act (FOIA) Request from the U.S. Post Office did not produce records during the approximately two year time frame when the work relating to the freight elevator which caused the accident and personal injuries suffered by Mr. Bassett occurred.

4)  The lack of any such records from both Kone and the U.S. Post Office is significant in that during the above noted deposition of Kone and through documents produced by Third-Party defendant, Hamilton, it was revealed that wiring work performed by defaulted, Third-Party Defendant, Metropolitan Elevator Co., Inc., (hereinafter "Metropolitan") likely affected the operation of the freight elevator door which caused injury to Mr. Bassett.

5)  Attorney for Defendant, Kone, Brooks A. Ames, Esq., informed Plaintiff that he continues to pursue the name of the insurance company of Metropolitan which would engage them in this case and produce documents relating to work which Metropolitan performed on the freight elevator which hit Mr. Bassett on his head.

6)  Based on the foregoing, without relevant documentation relating to the work performed on the freight elevator, it is not practicable to designate an elevator expert to provide his opinion as to the cause(s) of the malfunctioning of the freight elevator

without crucial documentation as to the work which was performed prior to the accident suffered by Mr. Bassett. Moreover, such additional documentation will likely require additional deposition questioning of Kone as was noted on the record during the latest deposition date.

Signed under the pains and penalties of perjury on this 22nd day of December, 2007.

/s/ Steve J. Gutherz, Esq._____
Steve J. Gutherz, Esq. BBO# 545996
675 Massachusetts Avenue
9th Floor
Cambridge, MA 02139
(617) 868-2030
stevegutherz@aol.com