UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BASSETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MONTGOMERY KONE, INC., | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) C.A. NO.: 04-CV-11648 GAO |
| | ) |
| | ) |
| v. | ) |
| | ) |
| METROPOLITAN ELEVATOR CO., INC., | ) |
| HAMILTON DOOR & CAB, INC., AND | ) |
| THE UNITED STATES OF AMERICA | ) |
| | ) |
| Third-Party Defendants. | ) |

## THIRD-PARTY DEFENDANT HAMILTONN DOOR & CAB, INC.'S OPPOSTION TO PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY PERIOD FOR AN ADDITIONAL NINETY (90) DAY PERIOD

Now comes the Third-Party Defendant, Hamilton Door & Cab, Inc. and files this Opposition to the plaintiff Motion to Extend the Discovery for an Additional Ninety (90) Day Period. As grounds therefore, the third-party defendant would show the Court as follows:

1.      Plaintiff's counsel has a history of failing to adhere to the deadlines established by the Federal Rules of Civil Procedure or this Honorable Court.

2.      Plaintiff's counsel failed to appear for the Status Conference scheduled for February 1, 2007. Rather than have the case dismissed, counsel for the defendant/third-party plaintiff and third-party defendant offered to reschedule the Status Conference. Thus, the Rules were already bent to accommodate the plaintiff, right from the start.

3.      After the addition of third-party defendant Hamilton Door & Cab, Inc., this Court held a Status Conference and issued a Scheduling Order that was in agreement with the Scheduling Order proposed by all of the parties, including the plaintiff. This Scheduling Order provided, among other things, for a deadline of July 1, 2007 for paper discovery, November 1, 2007 for depositions, and January 1, 2008 for plaintiff's expert disclosure. The plaintiff agreed to these deadlines.

4.      During the month of June, 2007, the plaintiff and third-party defendant had negotiated a settlement, which was accepted by the plaintiff. Then, on the eve of the deadline for paper discovery, plaintiff refused to sign the Release and reneged on his agreement to settle. Despite the fact that this was just days before the deadline for paper discovery, the third-party defendant was able to draft and serve its Interrogatories and Requests for Production of Documents within the Court-ordered deadline of July 1, 2007.

5.      The plaintiff, however, failed to respond in a timely manner and only responded to the third-party defendant's Request for Production of Documents and Interrogatories after a Motion to Compel Plaintiff's Answers to Interrogatories and Response to Request for Production of Documents was filed with this Court. This failure and needless delay made it difficult to schedule the depositions of the plaintiff and defendant/third-party plaintiff within the Court-ordered deadline.

6.      Depositions of the plaintiff and defendant/third-party plaintiff were scheduled upon receipt of the plaintiff's Answers to Interrogatories and Response to Request for Production of Documents. Plaintiff's deposition had to be rescheduled at his request, but was able to go forward within the deadline referenced above.

7.      The 30(b)(6) deposition of defendant/third-party plaintiff Kone was begun within the Court-ordered deadline and suspended by agreement. It was then completed on December 6, 2007, more than three weeks before the deadline for plaintiff's expert disclosure.

8.      Following the completion of the 30(b)(6) deposition on December 6, 2007, the undersigned counsel for the third-party defendant, as well as counsel for the defendant/third-party plaintiff, reminded plaintiff's counsel about the upcoming deadline for plaintiff's expert disclosure and offered to do whatever was necessary to help make the necessary arrangements to inspect the elevator the subject of this claim. Plaintiff's counsel chose to ignore this offer.

9.      Now, at the last minute, the plaintiff has failed to retain a liability expert, and is looking to blame others for his failure to do so. Such an expert would be critical in proving the liability in this case, yet the plaintiff has taken no steps to retain a liability expert or have him inspect the subject elevator.

10.     The plaintiff claims that it "is not praticable to designate an elevator expert to provide his opinion as to the cause(s) of the malfunctioning of the elevator without critical documentation as to the work" performed on the elevator. The plaintiff, however, has failed to provide an affidavit from any elevator expert stating that such documentation would be necessary.

11.     Unfortunately, neither defendant/third-party plaintiff Kone, nor the U.S. Postal Service has been able to locate their documentation concerning the subject elevator. It is noted, however, that the plaintiff has done nothing to obtain these documents. The plaintiff is not the one who submitted a Freedom of Information Act (FOIA) request to the U.S. Postal Service, nor has he made any attempts to follow up on the FOIA request made by the defendant/third-party plaintiff. Despite plaintiff's failure to take any steps to obtain these documents, he now claims that their absence prevents him from obtaining the requisite expert opinion needed to proceed with his case.

2

12.    The plaintiff is also complaining that work done by defaulted third-party defendant Metropolitan Elevator Co., Inc. may have caused or contributed to the subject accident. Once again, the plaintiff is using this as an excuse for his inability to obtain the requisite expert needed to proceed with his case. BUT, the plaintiff has had the documents he references in his Motion from third-party defendant Hamilton Door & Cab, Inc. for about a year, since early January, 2007. AND, he does not even have a direct claim against Metropolitan Elevator Co., Inc. So, this too, is nothing more than a red herring.

13.    Plaintiff also mentions that he is interested in learning about the insurance coverage for defaulted third-party defendant Metropolitan Elevator Co., Inc. Again, he has done nothing to obtain this information, but is relying on the efforts of others to provide this information. Furthermore, the plaintiff does not have a direct claim against them.

14.    It is also noted that plaintiff's counsel sent purported Supplemental Answers to Interrogatories, thereby disclosing his medical expert on December 21, 2007, yet these Supplemental Answers to Interrogatories are not signed by the plaintiff, nor do they answer several parts of the expert Interrogatories propounded to the plaintiff by either the defendant/third-party plaintiff or third-party defendant. All they do is state that Dr. Joel Saperstein will testify in accordance with his attached report; they do not provide the qualifications of this purported expert, as requested in the Interrogatories propounded by both the defendant/third-party plaintiff and the third-party defendant. Thus, these Supplemental Answers to Interrogatories are incomplete at best.

15.    Furthermore, if these Supplemental Answers to Interrogatories are to serve as the plaintiff's expert disclosure for his medical expert, they do not contain a list of any publications authored by the witness, the compensation he is to be paid for his study and testimony, or a list of the other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Thus, his expert disclosure is incomplete and not in accordance with the Rules.

16.    The plaintiff has offered no explanation or reason for the incompleteness of his Supplemental Answers to Interrogatories or expert disclosure of his medical expert; he just fails to abide by the Federal Rules of Civil Procedure.

17.    The plaintiff is now requesting an additional ninety (90) days in which to conduct discovery. Since this Court established the Scheduling Order back on February 28, 2007, the plaintiff has not conducted any discovery-he has not served any party with any paper discovery nor has he noticed any depositions or served any Keeper of Records subpoenas. When all parties appeared in Court for a Status Conference on October 9, 2007, this Court was very clear that all of the deadlines were to remain in effect, including the deadlines for discovery and plaintiff's expert disclosure. There is no reason now to reward the plaintiff for his failure to conduct discovery or retain the necessary liability expert.

18.    Finally, one must assume that both defendant/third-party plaintiff Kone and the U.S. Postal Service have made diligent efforts to locate the missing documents. There is no reason to believe that another ninety (90) days will make a difference.

3

WHEREFORE, third-party defendant Hamilton Door & Cab, Inc. respectfully prays this Honorable Court denies the plaintiff's Motion and enforces all the deadlines previously established by agreement of all the parties and this Honorable Court.

Respectfully submitted,
Third-Party Defendant,
Hamilton Door & Cab, Inc.
By its attorneys,

/s/ Debra I. Lerner
Michael J. Mazurczak, BBO #555106
Debra I. Lerner, BBO #555775
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109
(617) 523-6200

## CERTIFICATE OF SERVICE

I, Debra I. Lerner, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/ Debra I. Lerner
Debra I. Lerner