UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BASSETT,<br><br>   Plaintiff,<br><br>   v.<br><br>MONTGOMERY KONE, INC.,<br><br>   Defendant and Third-Party Plaintiff,<br><br>METROPOLITAN ELEVATOR CO., INC., HAMILTON DOOR & CAB, INC.,<br><br>   Third-Party Defendants. | CIVIL ACTION NO. 04-CV-11648 GAO |

**KONE'S OPPOSITION TO BASSETT'S
MOTION TO EXTEND THE DISCOVERY PERIOD**

    Defendant and third-party plaintiff, KONE, Inc. ("KONE") hereby opposes plaintiff Michael Bassett's ("Bassett") motion to extend discovery by 90-days. As grounds for this opposition, KONE states that Bassett has had ample time to pursue discovery and has no excuse for not making timely expert disclosures. KONE further states as follows:

    1.    KONE has made a diligent search for records in this case and no additional records relating to Bassett's claims will be found in the next 90 days.

    2.    In any event, KONE would not have the records that Bassett claims are necessary to his designation of an expert witness (i.e. records concerning electrical wiring work that third-party defendant, Metropolitan Elevator Co., Inc. ("Metropolitan") performed on the elevator in question). As Bassett knows, Metropolitan contracted with the United States Post Office ("USPS"), not KONE, to maintain the elevator. Thus, these records would be in the hands of Metropolitan or USPS, not KONE.

3. Bassett has not taken reasonable steps to obtain these records during the discovery period. Despite being on notice since at least November 22, 2005 (when KONE move for leave to add Metropolitan as a third-party defendant) that Metropolitan had been responsible for maintaining the elevator for USPS at the time of his accident, Bassett has done nothing to pursue discovery from either Metropolitan or USPS.

4. Bassett has not explained what prevents his expert from offering an opinion as to KONE's liability (and KONE is the only direct defendant in the case) based on the factual record as it now exists. That record includes reports and correspondence from USPS that documents inspections performed by USPS of the elevator prior to the accident. It also includes correspondence between KONE and Hamilton, the subcontractor that upgraded the elevator in question, regarding the work Hamilton performed on the elevator and the inspections. Notably, Bassett could have but chose not to depose anyone from Hamilton concerning Hamilton's work or concerning these inspections. In addition, Bassett has rejected invitations for his expert to perform a view of the elevator.

WHEREFORE, KONE respectfully requests that the Court deny Bassett's motion.

Respectfully submitted,

KONE, INC.

By its attorneys,

 /s/ Brooks A. Ames
Brooks A. Ames (BBO #641192)
DLA PIPER US LLP
33 Arch Street, 26th Floor
Boston, MA 02110
(617) 406-6045 (*telephone*)
(617) 406-6145 (*fax*)

Dated: January 07, 2008